Kris Edward HELTON, Plaintiff-Appellee,

v.

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS, Defendant-Appellant.

No. 00-10097.

United States Court of Appeals,

Eleventh Circuit.

Nov. 21, 2000.

Appeal from the United States District Court for the Southern District of Florida.(No. 98-10110-CV-NCR), Norman C. Roettger, Jr., Judge.

Before TJOFLAT, HILL and POLITZ*, Circuit Judges.

POLITZ, Circuit Judge:

The Florida Department of Corrections appeals the district court's grant of a writ of habeas corpus to Kris Edward Helton. For the reasons assigned, we affirm.

BACKGROUND

In 1991, Helton was living with his fiancee, Marcella Gunderson, and her three children, Matthew, Michael, and Marshall. On July 31, 1991, at around 6:30 P.M., Gunderson fed twenty-two month old Marshall a small amount of dinner, consisting of chicken, rice, and strawberry yogurt. She then put Marshall to bed at approximately 8:30 P.M. Helton arrived home at 9:30 P.M. and around 11 P.M. they retired to bed. Around 1:30 A.M. Gunderson awoke and found Helton sitting up in bed, smoking a cigarette, with what she described as a "worried look on his face." Helton told her that her movements had awakened him. Gunderson got up to check on the children. Upon entering Marshall's room, she discovered he was not in his crib. Alarmed, she called Helton and they found Marshall's body outside at the bottom of the front steps, lying face down. The child was taken to a local hospital in an ambulance and pronounced dead upon arrival.

An autopsy determined that the cause of death was a severe trauma to the head. The medical examiner found pink particulate in the boy's stomach, along with fibrous white matter described as rice. A specific time of death assessment was not made at that time.

Helton was convicted by a jury of second-degree murder of the child and was sentenced to life imprisonment. On direct appeal, the Florida Court of Appeal unanimously reversed, finding that the evidence

---

*Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

was insufficient to support a circumstantial evidence conviction. That court granted a rehearing, withdrew its reversal, and examined the case under a restated standard for circumstantial convictions, specifically: a conviction can stand only if the evidence is inconsistent with any reasonable hypotheses of innocence. Applying this standard, the appellate court determined that there was evidentiary contradiction to all logical hypotheses of Helton's innocence. They then affirmed the conviction.[1] In a dissenting opinion, one jurist stated that he would reverse the conviction and award a new trial, based largely on the gastric evidence. That jurist concluded, "There can be no doubt that this evidence might have affected the verdict rendered."[2] The Florida Supreme Court denied review of Helton's petition. The United States Supreme Court also denied his petition for review. Helton then pursued collateral relief in state court; however, this also was denied, as was his *pro se* petition for habeas corpus.

Helton then filed the instant petition, invoking 28 U.S.C. § 2254, alleging ineffective assistance of counsel. Helton's challenge focuses on the trial attorney's failure to investigate and employ a time of death argument based on the gastric evidence. The state's reply to the habeas application centered mainly on its claim that the petition was untimely.

Following an evidentiary hearing on the gastric evidence/time of death claims, the court *à quo* granted the writ, finding that trial counsel was ineffective for failing to challenge the time of death and present the gastric evidence. As to the issue of timeliness, the district court found that equitable tolling was warranted in this case based on: 1) the petitioner's diligent pursuit of his legal rights on appeal; 2) the misinformation by Helton's counsel as to the expiration of the statute of limitations; 3) the inadequacy of the prison library; and 4) the "strange history of this case."[3]

ANALYSIS

In *Sandvik v. United States,*[4] we held that § 2254 was intended to be an ordinary statute of limitations and not a jurisdictional bar. The period of limitations, therefore, may be equitably tolled "when a movant

---

[1] *Helton v. State of Florida,* 641 So.2d 146 (Fla.Dist.Ct.App.3d Cir.1994).

[2] *Id.* at 156. The majority opinion did not discuss the gastric evidence. Instead, they noted in a footnote that any claim Helton may have for ineffective assistance of counsel must be brought by motion for post-conviction relief. They also noted that the record in the case at that time was "wholly inadequate" in regards to the benefits of the stomach contents evidence. *Id.* at 154 n. 11.

[3] *Helton v. Singletary,* 85 F.Supp.2d 1323, 1328 (S.D.Fla.2000).

[4] 177 F.3d 1269 (11th Cir.1999).

untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."[5] We also stated that we reviewed the district court's dismissal of the motion *de novo* because this was solely an issue of law.[6] In *Sandvik,* we were faced with determining, in the first instance, whether equitable tolling should be allowed under § 2254. We here review whether the district court properly *applied* the standard for equitable tolling. This is a question of fact which is reviewed for abuse of discretion.[7] We defer to the district court's findings of fact unless clearly erroneous.[8] Whether a criminal defendant has received effective assistance of counsel is a mixed question of fact and law which we review *de novo.* We review for clear error, however, the trial court's findings of the historical facts underlying the claim.[9]

Equitable tolling is an extraordinary remedy which is generally applied sparingly.[10] It is undisputed that the petitioner missed the one year deadline under the AEDPA. The district court opined that it was "not disposed to apply mechanically the limitations period when review is so glaringly warranted. Such result would belie the meaning of 'equitable tolling'."[11] We agree. Although this court has recently held that attorney "miscalculation of the limitations period or mistake is not a basis for equitable tolling," we previously have not been faced with a situation, such as is here presented, where a combination of several factors results in such extraordinary circumstances.[12] The facts present in this case go beyond mere attorney miscalculation. Not only did Helton receive incorrect information as to the relevant statute of limitations, but he was further prevented from discovering the appropriate calculation due to the found deficiencies in the

---

[5]*Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (*citing Sandvik,* 177 F.3d at 1271).

[6]*Id.*

[7]*See United States v. Patterson,* 211 F.3d 927 (5th Cir.2000); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552 (6th Cir.2000); *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000) ("[A] district court's decision whether a statute of limitations has been equitably tolled is generally reviewed for an abuse of discretion, unless the facts are undisputed, in which event the legal question is reviewed de novo."); *Clark v. Runyon,* 116 F.3d 275 (7th Cir.1997).

[8]*Justice v. United States,* 6 F.3d 1474 (11th Cir.1993).

[9]*Mincey v. Head,* 206 F.3d 1106 (11th Cir.2000).

[10]*Steed,* 219 F.3d at 1300.

[11]*Helton,* 85 F.Supp.2d at 1328.

[12]*Steed,* 219 F.3d at 1300.

prison library system.

As the trial judge noted, the Supreme Court has declared that equitable tolling may be allowed in situations where the claimant has actively pursued his legal remedies.[13] The district court specifically found that this case involved a petitioner who has diligently pursued his legal remedies without delay. This is not the case of a prisoner waiting several years to bring his petition for habeas corpus. Viewed in its totality, we cannot say that this finding is clearly erroneous.

Finally, we agree with the district court that the history of this case contributes to the determination of extraordinary circumstances. This was a circumstantial evidence conviction which originally was overturned by the Florida appellate court for insufficient evidence. On rehearing, that court chose to withdraw its reversal and affirm the conviction, rearticulating the standard of review for circumstantial evidence convictions. As noted above, the gastric evidence question presented to the Florida appellate court led at least one judge to believe that the verdict may have been different had the evidence been presented to the jury.

We find no abuse of discretion in the district court's determination that the statute of limitations should be equitably tolled herein. We next consider Helton's claim of ineffective assistance of counsel. In *Strickland v. Washington,*[14] the Supreme Court established a two-prong analysis for an ineffective assistance of counsel claim. The petitioner must first demonstrate that counsel's performance was deficient, falling below a constitutional minimum standard. Then, there must be a reasonable probability that, but for counsel's errors, the result of the trial would have been different.

Florida maintains that the district court did not give appropriate due deference to the state court decision. This contention is based on our observations in *Neelley v. Nagle*[15] about § 2254(d)(1) which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[13] *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

[14] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[15] 138 F.3d 917 (11th Cir.1998).

Supreme Court of the United States.[16]

In *Neelley,* this court held that the proper methodology for applying § 2254(d)(1) involved a three-part inquiry. The court first must determine whether the federal law applicable to the petitioner's claim has been clearly established. Then, the court must determine whether the state court's adjudication of the claim was contrary to the established federal law. Finally, if the decision is not contrary to federal law, "[t]he state court decision must stand unless it is not debatable among reasonable jurists that the result of which the petitioner complains is incorrect."[17] We recently recognized that the "viability of [the third] aspect of *Neelley* is questionable" because of the Supreme Court's subsequent holding in *Williams v. Taylor.*[18] In *Williams,* the high court rejected the Fourth Circuit's interpretation of § 2254(d)(1), which also looked to a "reasonable jurist" standard, and found that such standards would improperly cause a federal court to use a subjective inquiry, rather than an objective one. In light of this holding, we look only to whether the district court made the proper objective inquiry into the reasonableness of the state court's decision.

The first prong of the *Neelley* analysis is readily satisfied. The Supreme Court clearly established the law applicable to ineffective assistance of counsel claims in *Strickland v. Washington.* Application of the second prong presents a more difficult question. The state court decisions on Helton's habeas corpus petitions were summary denials, assigning no reasons. As the district court noted, we are favored with no reasoning, analysis, findings of fact, or legal basis for the denials of Helton's claims. We have, therefore, no basis for determining whether the state court properly applied the *Strickland* analysis in denying the habeas claim.

---

[16]28 U.S.C. § 2254(d)(1).

[17]*Neelley,* 138 F.3d at 924-25.

[18]*McIntyre v. Williams,* 216 F.3d 1254, 1257 (11th Cir.2000) (discussing *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The Court in *Williams* found:

> Defining an "unreasonable application" by reference to a "reasonable jurist," however, is of little assistance to the courts that must apply § 2254(d)(1) and, in fact, may be misleading. Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case. The "all reasonable jurists" standard would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one.

*Williams,* 120 S.Ct. at 1521-22.

Accordingly, we find no error in our trial court's determination that it was justified in finding and concluding that federal law was ignored in the state level review.

Even in the absence of that finding, if the court went on to consider this case under the final prong of the *Neelley* analysis, we would examine only the objective reasonableness of the state court's decision. Again, in light of the exhaustive review by the district court, we cannot say that it erred in concluding that the decision by the state court was unreasonable.

Finally, Florida asserts that the district court erred in its determination that Helton's trial counsel was ineffective. A review of the record developed at the evidentiary hearing demonstrates that the district court did not err in holding that trial counsel's failure to investigate and present the stomach contents evidence at trial rose to the level of ineffective assistance of counsel.

Helton's counsel was not an experienced defense attorney.[19] The defense provided by the gastric evidence had the potential of being persuasive proof of Helton's innocence. Counsel incorrectly believed that advancing this theory would derogate from the other theories he was offering. At bar was a purely circumstantial evidence conviction. The prosecution had no inculpatory physical evidence against Helton. The gastric evidence defense could have provided Helton with exculpatory physical evidence. Defense counsel's uninformed decision to ignore this issue at trial manifestly falls below any objective standard of reasonableness. There was a failure herein to meet the sixth amendment minimal standard for the performance of defense counsel. We agree with the district court that Helton has met the first prong of the *Strickland* analysis.

Helton likewise easily satisfies the second prong of this analysis. At trial, a criminal defendant need only submit evidence sufficient to create a reasonable doubt. As the district court noted, the gastric evidence could have provided that doubt. Counsel's failure, therefore, to even investigate, much less present the gastric evidence, obviously prejudiced Helton's trial. Accordingly, the district court did not err in holding that Helton received ineffective assistance of counsel at the trial stage, and it properly granted Helton's petition for a writ of habeas corpus.

The judgment appealed is AFFIRMED.

---

[19]*Helton,* 85 F.Supp.2d at 1331.