---

### CONCURRENCE

---

SILER, Circuit Judge, concurring. I concur in the result in this case, that is, that the district court properly dismissed the petition under 28 U.S.C. § 2255 as untimely. However, I would leave to another day the decision of whether equitable tolling applies to the one-year period of limitation in habeas corpus cases and what the standards for equitable tolling might be.

In this case, as explained in the majority opinion, even under the best scenario set out by the petitioner, equitable tolling under any arguable standard would not be appropriate. Thus, my conclusion is that, without deciding whether equitable tolling is applicable in habeas corpus cases, Dunlap's case was correctly dismissed.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0150P (6th Cir.)
File Name: 01a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

HORACE LEE DUNLAP,
    *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

No. 99-6456

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-00334—Thomas A. Higgins, District Judge.

Argued: March 7, 2001

Decided and Filed: May 7, 2001

Before: KEITH, SILER, and CLAY, Circuit Judges.

---

### COUNSEL

**ARGUED:** Patrick T. McNally, HOLLINS, WAGSTER & YARBROUGH, Nashville, Tennessee, for Appellant. Van S. Vincent, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Patrick T. McNally, HOLLINS, WAGSTER & YARBROUGH, Nashville, Tennessee, for Appellant. Van S. Vincent, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

CLAY, J., delivered the opinion of the court in which KEITH, J., joined. SILER, J., (p. 16), delivered a separate concurring opinion.

———————————

## OPINION

———————————

CLAY, Circuit Judge. Petitioner, Horace Lee Dunlap, appeals from the district court's dismissal of his habeas petition, filed pursuant to 28 U.S.C. § 2255, as untimely. The district court issued a certificate of appealability specifically on the question of whether equitable tolling applies to the one-year period of limitation in habeas cases, and whether, in any event, equitable tolling would be applicable in Petitioner's case. For the reasons that follow, we conclude that equitable tolling does apply to the one-year limitation period applicable to habeas petitions, but **AFFIRM** the district court's order dismissing Petitioner's habeas petition inasmuch as Petitioner has failed to demonstrate that equitable tolling is appropriate in his case.

## BACKGROUND

Petitioner was indicted on October 25, 1995 in the United States District Court for the Middle District of Tennessee. The indictment charged Petitioner in counts one and two with violating 18 U.S.C. § 922(g)(1), which criminalizes the possession of a firearm by a convicted felon; in count three of the indictment, Petitioner was charged with possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B). Petitioner was tried and convicted of counts one and two of the indictment; count three was dismissed on motion of the government. Petitioner was thereafter sentenced to concurrent life sentences on counts one and two of the indictment and five years of supervised release on each count, to run concurrently.

On direct appeal, this Court affirmed his conviction on January 15, 1998; the Court's mandate issued on February 9,

earlier petitions without prejudice. We must assume, since Petitioner has not argued to the contrary, that Petitioner was well aware of the date that his direct appeal was decided and his obligation to file a timely petition for the writ of habeas corpus, as demonstrated by the filing of his two earlier petitions. Absent a satisfactory explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim; Petitioner's case is therefore not appropriate for the doctrine of equitable tolling.

## CONCLUSION

While the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 habeas petitions, Petitioner has failed to demonstrate that his case presents circumstances appropriate for applying the doctrine. Accordingly, we **AFFIRM** the district court's order dismissing Petitioner's habeas petition.

issue of equitable tolling.  We therefore see no reason to depart from the test that we have uniformly applied to the issue of equitable tolling in this Circuit.

While we value continuity in standards with our sister circuits, we think it more important to be consistent within our own Circuit as to the standards we are to apply.  We therefore hold that hereafter equitably tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the factors set out in *Andrews v. Orr* unless there is congressional authority to the contrary.

Considering the factors set out in *Andrews v. Orr*, we conclude that Petitioner has failed to meet his burden of proof.  In the instant case, Petitioner filed two premature habeas petitions, both of which the district court dismissed without prejudice, stating that they were premature because Petitioner's conviction was not final, i.e., the case had not been resolved on direct appeal.  The district court therefore put Petitioner on notice that although he needed to file his petition timely, he had to wait until his direct appeal had been resolved.

Petitioner's conviction became final on January 15, 1998 (the Court's mandate was issued on February 9, 1998).  Yet, Petitioner did not file his third petition for habeas corpus until April 13, 1999.  Petitioner offers no explanation for this delay, despite the district court's request that he do so. Petitioner simply relies on the fact that he had filed two earlier premature petitions.  We do not consider Petitioner's reason compelling.

Although the fact that Petitioner filed the two earlier petitions shows his concern and interest in his ability to avail himself of the remedies of the writ of habeas corpus, Petitioner's inability to explain why he did not file his third petition until over two months outside of the statute of limitations, more than fourteen months after his conviction was final, suggests a lack of due diligence.  Here, the district court advised Petitioner exactly why it dismissed his two

1998. *United States v. Dunlap*, No. 96-6378, 1998 WL 24997 (6th Cir. Jan. 15, 1998) (*per curiam*).

Prior to this Court's decision in Petitioner's direct appeal, Petitioner, on March 21, 1997, filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2255.  On March 27, 1997, the district court dismissed Petitioner's action without prejudice because his underlying conviction was not yet final.  After the dismissal of the first petition, Petitioner filed a second *pro se* petition on March 28, 1997.  Again the district court dismissed the action without prejudice because his direct appeal was still pending before this Court.

On April 13, 1999, Petitioner filed a third habeas petition. On May 4, 1999, the government filed a motion to dismiss or, in the alternative, for an extension of time to respond.  In its motion to dismiss, the government argued that Petitioner's habeas petition was untimely because it was filed more than one year after his conviction became final, which was February 9, 1998.

Counsel was appointed to represent Petitioner on May 5, 1999.  Thereafter, Petitioner's counsel filed a response to the government's motion to dismiss.

The district court referred the matter to a magistrate judge, the Honorable Joe B. Brown, who, on September 21, 1999, issued a Report and Recommendation in which he recommended that the habeas petition be dismissed because it was time-barred by the one-year limitation period prescribed by 28 U.S.C. § 2255.  The district court overruled Petitioner's objections to the Report and Recommendation and adopted it in its entirety.  On October 12, 1999, the district court dismissed Petitioner's habeas petition with prejudice.

Petitioner filed a timely notice of appeal. The district court granted a certificate of appealability on November 29, 1999, to address the issue of whether equitable tolling is applicable to the one-year limitation period under § 2255 and whether equitable tolling would be appropriate in the instant case.

## DISCUSSION

### I.

We review the district court's decision to grant or deny a writ of habeas corpus *de novo*; however, the district court's factual findings will not be disturbed unless they are clearly erroneous. *Gonzales v. Elo*, 233 F.3d 348, 352 (6th Cir. 2000). Questions of statutory construction are also reviewed *de novo. Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 858 (6th Cir. 2000).

The question now before this Court is whether the one-year limitation period applicable to § 2255, and similarly § 2254, habeas petitions is a statute of limitations subject to equitable tolling or a jurisdictional prerequisite which bars review by the federal courts if it is not satisfied. Although we have encountered this question before, we have yet to answer it definitively. *See, e.g., Doran v. Birkett*, No. 99-1639, 2000 WL 282882 (6th Cir. Mar. 13, 2000); *Sluder v. United States*, No. 98-5158, 1998 WL 940246 (6th Cir. Dec. 23, 1998). We now join our sister circuits that have to date addressed this issue and hold that the one-year limitation period is a statute of limitation.[1] Because there is a rebuttable presumption that

---

[1] Every circuit that has decided this issue has held that the one-year limitation period under § 2255 (or § 2244) is a statute of limitations, subject to the doctrine of equitable tolling, rather than a jurisdictional requirement. *See Harris v. Hutchinson*, 209 F.3d 325, 328-30 (4th Cir. 2000) (holding one-year limitation period under § 2244 subject to equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (same); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (same); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that one-year limitation period under § 2255 is subject to equitable tolling); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) (same); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998) (holding one-year limitation period under § 2244 subject to equitable tolling); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998) (same); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Calderon v. U. S. Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (same), *overruled on other grounds by* 163 F.3d 530 (9th Cir. 1998) (*en banc*). Only one court has reached the opposite

---

there is a collateral attack of a conviction is equally unavailing inasmuch as the *Andrews v. Orr* test does not treat prejudice as an independent factor. Prejudice may only be considered if other factors of the test are met and therefore can only weigh in the government's favor. *See Andrews*, 851 F.2d at 151. Furthermore, this Court's framework, originally laid out in *Andrews v. Orr*, for applying equitable tolling provides guidance to the parties as to what is required of them. The *Andrews v. Orr* test also gives the district courts guidance and circumscribed latitude in judging each case.

A review of the cases that have adopted the "extraordinary circumstances" or "rare and exceptional circumstances" test does not reveal a concern or a need to adopt this standard that is particular to habeas cases. The courts that have applied the "rare and exceptional circumstances" or "extraordinary circumstances" test actually apply the test to all cases involving equitable tolling--not simply habeas cases. In fact, the *Calderon* Court, in applying the test to the habeas case before it, cited *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), a civil case wherein the Plaintiff asserted claims under the Federal Tort Claims Act against the government and certain government officials, for the proposition that equitable tolling should only be applied in extraordinary circumstances. 128 F.3d at 1288-89. Similarly, other cases applying the "extraordinary circumstances" or "rare and exceptional circumstances" test have apparently followed the dictates of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), a civil case involving employment discrimination and have made no mention of a special need to adopt this standard simply because the statute of limitations pertains to a habeas case. *See, e.g., Gibson*, 223 F.3d at 808, *Sandvik*, 177 F.3d at 1271-72; *Miller*, 145 F.3d at 619. Other cases have simply followed *Calderon*, the cases cited therein, or employment discrimination cases. *See, e.g., Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain*, 107 F.3d at 700); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998) (citing employment discrimination cases). None of these courts, however, adopted a standard different from the standard they would apply in any other case addressing the

146 (6th Cir. 1988). In *Andrews v. Orr*, we specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Respondent urges this Court to follow the "rare and exceptional circumstances" or "extraordinary circumstances" test. Respondent argues that if this Court were to apply the five-prong test in *Andrews v. Orr*, courts would be required to engage in the cumbersome litigation of whether the factors have been satisfied. Respondent further argues that, unlike defendants in employment discrimination cases where we have applied the *Andrews v. Orr* test, the government is always prejudiced when the finality of a criminal conviction is attacked.

While we share in Respondent's concern that equitable tolling be applied sparingly, we do not believe that the test set out in *Andrews v. Orr* undermines the courts' ability to so apply it sparingly. We do not find persuasive the government's argument that the determination of whether the factors outlined in *Andrews v. Orr* are present will require untold and cumbersome litigation. There is no reason to believe that the test set out in *Andrews v. Orr* will serve the purpose of the one-year limitation period any less aptly than the test applied by other courts inasmuch as the circumstances under which this Court has found equitable tolling appropriate are in fact few in number. *See, e.g., Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987); *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980); *Leake v. Univ. of Cincinnati*, 605 F.2d 255 (6th Cir. 1979). Respondent's argument that the government is always prejudiced when

equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling. *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990).

Federal prisoners may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255; however, the habeas petition is subject to a one-year period of limitation. Under § 2255,

A [one]-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

To determine whether the limitation period in § 2255 is a statute of limitations or a jurisdictional requirement, we must consider the language of the statute, the legislative history and the statutory purpose. *Zipes v. Trans World Airlines, Inc.*,

---

conclusion. *See Giles v. United States*, 6 F. Supp. 2d 648, 649-50 (E.D. Mich. 1998), *aff'd on other grounds sub nom., United States v. Giles*, No. 00-1040, 2000 WL 1720730 (6th Cir. Nov. 8, 2000).

455 U.S. 385, 393 (1982); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).  As most other circuits have concluded, these considerations make clear that Congress intended the limitation period to operate as a statute of limitation rather than a jurisdictional requirement.

In *Zipes*, the Supreme Court held that the requirement of filing a timely charge of discrimination with the EEOC was similar to a statute of limitations and was not a jurisdictional prerequisite.  455 U.S. at 393.  In so holding, the Court noted that the provision granting the district court jurisdiction to entertain such cases contained no reference to the timeliness of filing an EEOC charge.  *Id.* at 393-94.  Instead, the timeliness of the filing requirement was addressed in another provision, which did not speak in jurisdictional terms.  *Id.* at 394.

Similarly, the language of § 2255 supports the conclusion that the one-year limitation period is a statute of limitations.  The statute itself provides that the time period is a "period of limitation;" the statute does not use the term jurisdiction or otherwise speak in jurisdictional terms.  28 U.S.C. § 2255; *accord Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *cf. Harris v. Hutchinson*, 209 F.3d 325, 329 (4th Cir. 2000).  Moreover, the statutory scheme gives the district court jurisdiction to hear habeas cases in a portion of the statute divorced from the limitations provision. *See* 28 U.S.C. § 2255; *Sandvik*, 177 F.3d at 1271.  As with the language of the statute in *Zipes*, the language of the limitation period in the instant case supports the conclusion that the period operates as a statute of limitations and not a jurisdictional bar.

In addition, the legislative history behind the one-year period of limitation indicates that Congress intended the period to operate as a statute of limitations rather than a jurisdictional bar.  For instance, the Conference Report does not indicate that the one-year period of limitation is a jurisdictional requirement.  The report simply provides that the section "sets a one year limitation on an application for a habeas writ" in order to "curb the abuse of the statutory writ

187 F.3d 1104, 1105 (9th Cir. 1999).

Both Petitioner and Respondent urge this court to apply a different, although not necessarily divergent, standard when determining if equitable tolling is appropriate in habeas cases.[3]  In the lower court, the Magistrate Judge applied the "rare and exceptional circumstances" or "extraordinary circumstances" test that has been used by most other circuits addressing this issue.  *See e.g., Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'") (citation omitted); *Harris*, 209 F.3d at 330; *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (same); *Miller*, 145 F.3d at 618 (equitable tolling only applies in "extraordinary circumstances"); *Calderon*, 128 F.3d at 1288 (equitable tolling would only be granted if "extraordinary circumstances" beyond prisoner's control make it impossible to file a petition on time).  Under this test, the statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence.  *Sandvik*, 177 F.3d at 1271.

Petitioner urges us to adopt the test this Court has generally followed in determining whether equitable tolling is appropriate.  This test was set out in *Andrews v. Orr*, 851 F.2d

---

the doctrine of equitable tolling to the petitioner's habeas case.  The court stated that in matters where the facts were undisputed, it would review the district court's decision on equitable tolling *de novo*.  *See id.*

   In this Circuit, we hold that where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling; in all other cases, we apply the abuse of discretion standard.

[3]Unpublished cases addressing the equitable tolling issue in habeas cases have applied both standards. *Cf., e.g., Sluder v. United States*, No. 98-5188, 1998 WL 940246 (6th Cir. Dec. 23, 1998) (applying *Andrews v. Orr* standard), *with Craddock v. Mohr*, No. 99-3756, 2000 WL 658023 (6th Cir. May 8, 2000) (applying extraordinary circumstances standard).

one-year limitation period is a statute of limitation subject to the doctrine of equitable tolling.

## II.

Although the one-year limitation period in § 2255 is subject to the doctrine of equitable tolling, we nevertheless find that under the circumstances of the case now before the Court, the district court properly declined to invoke the doctrine in Petitioner's case.

We review *de novo* the district court's decision not to apply the doctrine of equitable tolling inasmuch as the facts in this case are undisputed and the district court determined as a matter of law that there were no grounds that would justify equitable tolling in Petitioner's case.[2] *See Miles v. Prunty*,

[2]This Court has applied varying standards of review to a district court's decision to apply or not apply the doctrine of equitable tolling. *Cf., e.g., Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000) (applying abuse of discretion standard of review to district court's refusal to apply doctrine of equitable tolling to ninety-day limitations period in Title VII case), *and Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (same), *with Rose v. Dole*, 945 F.2d 1331, 1334 (6th Cir. 1991) (*per curiam*) (acknowledging that application of the doctrine of equitable tolling is a question of law and thus subject to *de novo* review). Moreover, this Court has yet to address the proper standard when reviewing the application of the doctrine of equitable tolling in the context of a habeas petition.

In *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000), the court applied an abuse of discretion standard to determine whether the district court erred in refusing to apply the doctrine of equitable tolling in a habeas case. The court noted, however, that where the district court determines as a matter of law that the petitioner is not entitled to equitable tolling, it would review the decision *de novo. See id.* The court concluded that in that case the district court exercised its discretion in determining that the petitioner's circumstances were not rare and exceptional and thus applied the abuse of discretion standard. *See id.*; *see also Helton v. Sec'y for the Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000) (applying abuse of discretion standard where question was whether district court properly applied the standard for equitable tolling rather than whether equitable tolling was available).

In *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999), the court applied *de novo* review to the district court's decision refusing to apply

of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases." H.R. Conf. Rep. No. 518, 104th Cong., at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 944 (1996). On the other hand, as the cases addressing this issue have chronicled, the statements of several of the members of Congress make clear that the limitation period was intended to function as a statute of limitations and did not bear on the district court's jurisdiction to entertain a habeas petition:

> Many members of Congress--including AEDPA's authors in the Senate and its sponsors in the House--did, however, describe section 101 as a "statute of limitations." See, e.g., 142 Cong.Rec. S3472 (daily ed. Apr. 17, 1996) (statement of Sen. Specter) (AEDPA designed to "impose a statute of limitations on the filing of habeas corpus petitions"); 141 Cong.Rec. S7805 (daily ed. June 7, 1995) (statement of Sen. Hatch) (under current law, there is no "statute of limitations" on filing habeas petitions); 142 Cong.Rec. H3606 (daily ed. Apr. 18, 1996) (statement of Rep. Hyde) ("Now, we have a 1-year statute of limitations in habeas."); 141 Cong.Rec. S7838 (daily ed. June 7, 1995) (statement of Sen. Cohen) ("I support a statute of limitations for filing habeas petitions."); id. at S7840 (statement of Sen. Biden) ("I agree with my Republican colleagues from Utah and Pennsylvania that we ought to have a strict statute of limitations and a strict limit on successive petitions.").

*Calderon v. U. S. Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by* 163 F.3d 530 (9th Cir. 1998) (*en banc*); *accord Miller*, 145 F.3d at 618 (recognizing the same or similar statements made by members of Congress). Following the teachings of *Zipes*, where, in determining that time period for filing a claim was like a statute of limitations, the Court found it significant that "the time period for filing a claim [was labeled] as a 'period of limitations,'" we conclude that the legislative history in this case makes clear Congress' intent that the limitation

period operate as a statute of limitations rather than a jurisdictional requirement. 455 U.S. at 394.

Finally, the purpose underlying the one-year limitation period, to curb undue delays and abuses of the writ of habeas corpus, is served by a statute of limitations. Because the statute of limitations can only be tolled in certain limited circumstances, equitable tolling would not undermine the statute's purpose to curb undue delays and abuses.

In *Giles v. United States*, 6 F. Supp. 2d 648, 649 (E.D. Mich. 1998), holding that the one-year period of limitations was a jurisdictional requirement not subject to equitable tolling, the court reasoned that it was required to read the one-year limitation period as a jurisdictional requirement to give effect to the statute and the purpose underlying it. The court further reasoned that

the language of [] § 2255 indicates that Congress intended to limit a federal court's discretion in tolling the one year limit. Section 2255 expressly lists four different events, the latest of which determines when the limitations period begins to run. The detail of § 2255 and its direct and express determination of when the time limit begins indicates that Congress did not intend to permit courts to read other unmentioned and open-ended equitable exceptions into the statute.

*Id.* at 650.

The rationale in *Giles*, however, has been expressly rejected by the circuit courts addressing this issue. The *Calderon* Court, the first to decide the issue, rejected the argument advanced in *Giles*, stating,

[a] one-year statute of limitation will . . . serve this goal quite well; not as well as a strict jurisdictional bar to be sure, but [§ 2244's] time-limit will doubtless speed up the habeas process considerably. Equitable tolling will not be available in most cases, as extensions of time will only be granted if "extraordinary circumstances" beyond

a prisoner's control make it impossible to file a petition on time. We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

128 F.3d at 1288-89; *accord Miller*, 145 F.3d at 618 ("Construing § 2244(d)(1) as a statute of limitation clearly serves [the purpose of curbing abuses of the habeas process]. It provides a one year limitation period that will considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances.").

Similarly, *Harris* rejected the argument advanced in *Giles* that the inclusion of subparts one through four indicates that Congress did not intend for there to be equitable tolling of the period of limitation. This argument, the court concluded, "reads too much into any negative inference that may reasonably be drawn from the exceptions." *Harris*, 209 F.3d at 329.

The exceptions . . . simply make the writ available to address later arising circumstances . . . . Without these exceptions, a petitioner could inappropriately be denied the writ altogether, "risking injury to an important interest in human liberty." The inclusion of these statutory provisions does not give rise to the inference that the application of the limitation period must otherwise be absolute, as might be the case if the period were jurisdictional.

*Id.* (citation omitted). In fact, the court in *Miller*, stated that the inclusion of these exceptions makes it more apparent that "'the drafters envisioned [the one-year limitation period] to function as a typical statute of limitations, rather than a jurisdictional limitation.'" 145 F.3d at 618 (citation omitted).

Because we conclude that the rationale of our sister circuits is more sound than that of the court in *Giles*, we likewise reject the arguments advanced therein, and conclude that the