Richard Duwayne STUBBS, Petitioner,

v.

Thomas PHILLIPS, Respondent.

No. 01–CV–70174–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 22, 2001.

Richard Stubbs, Jackson, MI, pro se.

Brenda E. Turner, Brad H. Beaver, Michigan Dept. of Atty. General, Habeas Corpus Div., Lansing, MI, for respondent.

## OPINION & ORDER OF DISMISSAL AND ORDER DENYING CERTIFICATE OF APPEALABILITY

DUGGAN, District Judge.

On January 17, 2001, Petitioner Richard Duwayne Stubbs filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court shall dismiss the habeas petition with prejudice.

### Background

In 1992, Petitioner was convicted of larceny under $100, MICH. COMP. LAWS § 750.356, in Isabella County Circuit Court. On October 27, 1992, the trial court sentenced Petitioner to ninety days in jail for the conviction.

On August 31, 1993, Petitioner pleaded *nolo contendre* in Isabella County Circuit Court to attempted felonious assault, MICH. COMP. LAWS § 750.82. The trial court sentenced Petitioner to three years on probation for the crime. Petitioner subsequently violated the terms of probation, and his probation was revoked. On July 22, 1994, he was sentenced to imprisonment for sixteen to twenty-four months. He was discharged on August 18, 1995, having served the sentence. He did not appeal either one of his Isabella County convictions.

Petitioner is currently serving a 1996 sentence of nine to fifteen years for unarmed robbery in Bay County, Michigan. *See* MICH. COMP. LAWS § 750.530. Petitioner appealed his Bay County conviction, but on March 10, 1997, the parties stipulated to dismiss the appeal. On October 29, 1998. Petitioner filed a motion for relief from judgment, which the Bay County Circuit Court denied. Shortly thereafter, Petitioner filed a motion for summary judgment, which the court denied on January 21, 1999. Petitioner did not appeal the court's rulings on his post-conviction motions.

Petitioner filed a motion to vacate or dismiss his felonious assault conviction on April 5, 2000, but the trial court denied his motion. Finally, on August 31, 2000, Petitioner filed a motion to dismiss his larceny conviction, and on October 25, 2000, he moved for summary judgment in the same case. The Isabella County Circuit Court denied Petitioner's post-conviction motions on November 8, 2000, but Petitioner did not appeal the trial court's rulings.

Petitioner filed his habeas petition in this Court on January 17, 2001, asserting the following four claims: I) that the Isabella County Circuit Court lacked jurisdiction; II) that his attorney in the Isabella County cases provided ineffective assistance; III) that he was deprived of equal protection of the law in Isabella County; and IV) that his Bay County sentence was enhanced on the basis of the prior invalid convictions in Isabella County.

### Discussion

I. *Petitioner's Habeas Claims*

■ The Court notes that Petitioner has not exhausted state remedies for his claims by raising them in the Michigan Court of Appeals and in the Michigan Su-

preme Court. *See* 28 U.S.C. § 2254(b)(1)(A) and (c). It also appears that Petitioner's habeas petition was not filed within the applicable one-year period of limitations. *See* 28 U.S.C. § 2244(d). However, "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), and the one-year limitation period applicable to § 2254 habeas petitions is not a jurisdictional prerequisite which bars review if not satisfied. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001), petition for cert. Filed (U.S. August 27, 2001)(No. 01–6014).

■ However, even if Petitioner had met the exhaustion requirement and filed a timely petition, Petitioner would still have to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A habeas petitioner is not " 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 491, 109 S.Ct. 1923, 1925 104 L.Ed.2d 540 (1989). Petitioner's sentence for his larceny conviction expired within ninety days of October 27, 1992. His sentence for felonious assault expired on August 18, 1995. Because both sentences expired before Petitioner filed his habeas petition earlier this year, he is not "in custody" for the Isabella County convictions, which are the subject of his first three claims. Accordingly, claims I, II and III must be dismissed.

■ Petitioner alleges that his fourth claim challenges the duration of his 1996 Bay County sentence, which he asserts was enhanced by the prior expired sentences. The Court agrees that Petitioner is "in custody" for his 1996 Bay County conviction and that the petition may be construed as a challenge to that sentence, as enhanced by the allegedly invalid prior convictions. *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, ——, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). However,

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels* [*v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001) ]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.,* 121 S.Ct. at 1574. This holding is based "on considerations relating to the need for finality of convictions and ease of administration." *Id.* at 1573.

■ An exception to the rule exists when the prior conviction used to enhance the sentence was obtained in violation of the Sixth Amendment right to counsel, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Id.* at 1574. An exception also exists when a habeas petition is "the first and only forum available for review of the prior conviction" through no fault of the petitioner. *Id.* at 1575. This latter exception comes into play when "a state court ... refuse[s] to rule on a constitutional claim that has been properly presented to it" or when "a defendant ... obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 1575.

Petitioner has not invoked either exception, and it does not appear that he could do so.[1] Therefore, even though Petitioner is "in custody" for a sentence that arguably has been enhanced by his prior convictions, he may not challenge the prior convictions in a habeas petition under § 2254. Accordingly, claim IV must also be dismissed.

■ At this time the Court shall also make a determination as to any certificate of appealability that may be requested by Petitioner. 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.1997). However, when a petition is denied on procedural grounds, a somewhat different standard applies. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

As the Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," the Court shall deny any request for a Certificate of Appealability.

## Conclusion

For the reasons set forth above,

IT IS ORDERED, ADJUDGED, AND DECREED that the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that any certificate of appealability that may be requested by Petitioner is DENIED.

---

1. Although the record is silent on whether Petitioner was represented by counsel in 1992 when he was convicted of larceny, he clearly was represented by counsel in 1993 when he pleaded nolo contendre to attempted felonious assault. He waived counsel when he was sentenced as a probation violator in 1994, and he had an available forum for review of both Isabella County convictions.