**Julio RODRIGUEZ, Petitioner,**

v.

**Frank ELO, Respondent.**

**No. 00–CV–70245–DT.**

United States District Court, E.D. Michigan, Southern Division.

March 27, 2002.

Julio F. Rodriguez, In Pro Per, Gus Harrison Correctional Facility, Adrian, for plaintiff.

Deb Galiardi, Esq., Asst. Attorney General, Habeas Corpus Division, Lansing, for defendant.

*ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, IN PART, AND DISMISSING PLAINTIFF'S HABEAS CORPUS ACTION WITHOUT PREJUDICE*

ROSEN, District Judge.

This habeas corpus action is presently before the Court on the June 29, 2001 Report and Recommendation of United States Magistrate Judge Steven D. Pepe recommending that the Court (1) grant Petitioner's motion for voluntary dismissal of his mixed habeas corpus petition of exhausted and unexhausted claims to afford him the opportunity to exhaust his state remedies; (2) dismiss the habeas petition without prejudice; and (3) equitably toll the AEDPA one-year statute of limitations to allow Petitioner sufficient time to exhaust his state remedies and return to federal court to proceed with his habeas action. Respondent timely filed Objections to the Report and Recommendation, objecting to the Magistrate Judge's recommendation regarding equitable tolling.

The Court has now reviewed the Magistrate Judge's Report and Recommendation, Respondent's Objections thereto, and the Court's file of this action and, although the Court agrees with the Magistrate Judge's R & R with regard to dismissal of Petitioner's mixed petition of exhausted and unexhausted claims, the Court disagrees with the Magistrate Judge's recommendation that the statute of limitations be equitably tolled in this case.

Petitioner Rodriguez filed his habeas petition on January 21, 2000, more than a year prior to the expiration of the statute of limitations. It was not, however, until his failure to exhaust state remedies was brought to his attention by the Magistrate Judge on May 7, 2001, i.e., after this matter had been pending for 15 months, that Petitioner moved for voluntary dismissal on May 18, 200 to afford him an opportunity to return to state court to perfect his claims. The Magistrate Judge was satisfied that Petitioner met the requirements for equitable tolling of the statute of limitations for the entire period of time that this case has been pending in the federal court—i.e., now more than two years—so as to allow him an entire additional year after dismissal (i.e., the full AEDPA one-year period of limitations) to exhaust his state remedies. This Court disagrees with the Magistrate Judge's conclusion that Petitioner Rodriguez is entitled to the benefit of equitable tolling.

In *Dunlap v. United States,* 250 F.3d 1001 (6th Cir.2001), the Sixth Circuit identified five factors for district courts to consider and balance in determining the appropriateness of equitably tolling the AEDPA statute of limitations:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

250 F.3d at 1008–1009 (citing *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988) and *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000).

In recommending equitable tolling, the Magistrate Judge relies in part on the assertion that Petitioner "was not afforded notice of the exhaustion requirement" because the habeas petition form "does not state that complete exhaustion is a prerequisite for habeas review nor does it state that each claim must be presented on appeal through the highest court." The R & R also points to Petitioner's inability to speak English as a further basis for his ignorance of the exhaustion requirement.

Addressing the latter issue first, the record of this matter does not support a finding that Petitioner is unable to understand the English language. The record indicates that in the state court proceedings, Petitioner's counsel informed the court that Petitioner spoke English, although he did not write English well. [11/20/95 Plea Transcript, p. 7]. Upon questioning by the court, Petitioner proceeded to state under oath that he understood the English language and did not have any trouble with the spoken word. *Id.* pp. 8–9. At sentencing, Petitioner attempted to withdraw his plea but the trial court denied that motion based on the finding that the plea was understandingly and knowingly made. [4/24/96 Sentencing Transcript, p. 7.] This initial motion to withdraw his plea was not based on his inability to understand the terms of the plea agreement but rather was based on his claim that his attorney failed to advise of the consecutive nature of the possible sentences.

The state court proceedings which ensued thereafter further illustrate Petitioner's sophistication in pursuing his legal rights and remedies. He asked for new counsel in the trial court, filed an appeal of the trial court's refusal to allow him to withdraw his guilty plea, filed a second appeal of his sentence, and then filed a series of motions for resentencing and for reconsideration. In short, the history of the pleadings in this case does not support a finding that Petitioner was unable to

understand the English language or that he was unaware of his litigation rights.

The Magistrate Judge's conclusion that the habeas petition form failed to adequately inform Petitioner of his need to exhaust state remedies to perfect his habeas filing is also untenable. The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements. *See, e.g., United States v. Baker,* 197 F.3d 211, 218–219 (6th Cir.1999), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000) (noting that accepting an ignorance of the law excuse would encourage and reward indifference to the law); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999) (*pro se* prisoner's ignorance of the law insufficient); *Neloms v. McLemore,* 2000 WL 654942 (E.D.Mich.2000) (neither excusable neglect, *pro se* status, nor ignorance of the law constitute extraordinary circumstances justifying equitable tolling); *Washington v. Elo,* 2000 WL 356353 (E.D.Mich.2000) (holding that "neither excusable neglect nor ignorance of the law alone are sufficient to invoke equitable tolling"); *Sperling v. White,* 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998) (ignorance of the law, illiteracy and lack of legal assistance do not constitute extraordinary circumstances).

With respect to the remaining *Dunlap/Andrews* factors of diligence of the petitioner in pursuing his rights and absence of prejudice to the respondent, while Petitioner Rodriguez may be deemed to meet the diligence factor, the Sixth Circuit has held that the prejudice to the respondent factor is to be considered only when *all* of the other factors are met.

Finally, in balancing the interests of Petitioner and the Respondent, the AEDPA time bar was written to balance the acknowledged dual goals of comity and tension, i.e., to balance the need for finality of state convictions with the goal of ensuring full exhaustion of state court remedies. *See* H.R.Rep. No. 104–23, p. 9 (1995) (explaining that AEDPA's statute of limitations provisions are designed to "curb the lengthy delays in filing that now often occur in federal habeas corpus litigation, while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner").

In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that exhaustion of *all* habeas claims is required to "encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." 455 U.S. at 518–19, 102 S.Ct. 1198. Another purpose of the complete exhaustion requirement is "to encourage habeas... petitioners to present the federal court with a single petition." *Id.* at 520, 102 S.Ct. 1198. The *Rose* Court reasoned that its total exhaustion rule would benefit "both the courts and the prisoners" to the extent that "it reduces piecemeal litigation" and "provides for a more focused and thorough review." *Id.* *See also, Keeney v. Tamayo–Reyes,* 504 U.S. 1, 7, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) ("[Prolonged] federal habeas litigation also places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh.")

To allow equitable tolling in the manner recommended by the Magistrate Judge would not only serve to encourage delay and undermine the finality of state court convictions, without advancing the goal and purposes of AEDPA and the principles enunciated by the United States Supreme Court in *Rose* and its progeny, but also it would shift the burden onto the

courts to notify petitioners of the legal requirements of filing a claim. This is not the role of the judiciary.

For all of the foregoing reasons, the Court rejects the Magistrate Judge's recommendation that the Court equitably toll the AEDPA statute of limitations in this case. Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of June 29, 2001 be, and hereby is, accepted, in part, and rejected, in part.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff's petition for habeas corpus relief be, and hereby is DISMISSED without prejudice.[1]

## JUDGMENT

The Court having this date entered an Order (1) accepting, in part, and rejecting, in part, the Magistrate Judge's June 29, 2001 Report and Recommendation, and (2) dismissing Plaintiff's petition for habeas corpus relief without prejudice,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's petition for habeas corpus relief be, and hereby is, DISMISSED without prejudice.

---

[1] Although the Court makes no finding as to how much time remains for Petitioner to return to state court to exhaust his remedies before the statute of limitations expires, if it has not already expired, the Court would advise Petitioner that if he decides to pursue exhaustion of his state remedies, he should act with haste.