Joseph L. NABINGER, Petitioner–
Appellant,

v.

Patrick HURLEY, Respondent–
Appellee.

No. 02–3664.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Joseph L. Nabinger appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 as barred under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Franklin County Court of Common Pleas in 1994, Nabinger was convicted of two counts of aggravated murder, two counts of attempted aggravated murder, four counts of kidnapping, and two counts of aggravated robbery, all with firearm specifications. Nabinger was sentenced to life imprisonment with eligibility for parole after thirty years of imprisonment. The Ohio Court of Appeals affirmed the convictions in a 2–1 decision, *State v. Nabinger*, No. 94APA07–981, 1995 WL 360301 (Ohio App. June 13, 1995), and the Ohio Supreme Court dismissed Nabinger's appeal for lack of a substantial constitutional question. *State v. Nabinger*, 74 Ohio St.3d 1418, 655 N.E.2d 739 (1995). Nabinger did not pursue state post-conviction relief.

Nabinger filed his federal habeas corpus petition in the district court in March 2002, asserting six grounds for relief. The magistrate judge recommended that the petition be dismissed as barred under the applicable one-year statute of limitations, and Nabinger filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Nabinger filed a timely notice of appeal, and the district court granted Nabinger a certificate of appealability with respect to the question of whether his petition is barred.

On appeal, Nabinger contends that equitable tolling should be applied to toll the statute of limitations in this case based on confusion regarding whether Nabinger's trial and appellate attorney was also representing him in state post-conviction proceedings and based on Nabinger's lack of legal knowledge. Upon de novo review, *see Clemmons v. Sowders*, 34 F.3d 352,

354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we will affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed April 9, 2002, and by the district court in its opinion and order filed May 15, 2002. To the extent that confusion over potential state post-conviction proceedings might toll the limitations period, *see Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001), the record reflects that any confusion was resolved in 1998, long before Nabinger filed his petition in this case. Under these circumstances, Nabinger's petition clearly is barred.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.