**Rayshon WATLEY, Petitioner–Appellant,**

v.

**Harold E. CARTER, Warden, Respondent–Appellee.**

No. 02–3377.

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

### ORDER

This pro se Ohio state prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

An Ohio jury found Rayshon Watley guilty of felonious assault in violation of Ohio Rev.Code § 2903.11(A)(2) and an attached firearm specification. On May 27, 1997, the trial court sentenced Watley to three to fifteen years for the felonious assault, plus three years on the gun specification.

The Ohio Court of Appeals affirmed Watley's judgment of conviction and sentence (J.A. 74). On November 4, 1998, the Ohio Supreme Court denied Watley leave to appeal (J.A. 110). Watley did not take any further action to challenge his conviction and sentence until nearly two years later, when on May 9, 2000, he filed a pro se delayed application in the Ohio Court of Appeals for reopening of his direct appeal pursuant to Ohio R.App. P. 26(B). In that application, Watley claimed that: 1) appellate counsel failed to notify him of the Ohio Supreme Court's November 4, 1998 judgment denying him leave to appeal; and 2) he had been continually denied access to the prison law library. Watley filed a second delayed application on July 24, 2000, asserting the same reasons for excusing his delay in filing. On November 24, 2000, the Ohio Court of Appeals denied the applications.

In May 2001, Watley petitioned for habeas relief claiming that: 1) the state failed to timely provide discovery information of an "undocumented" conversation involving an admission for confession; 2) trial and appellate counsel rendered ineffective assistance; 3) the trial court erred in allowing into evidence a weapon seized as a result of a coerced non-consensual warrantless search; and 4) admissions or confessions taken from a minor were not admissible. The magistrate judge recommended that the petition be dismissed as time-barred pursuant to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The district court adopted the magistrate judge's report and recommendation over Watley's objections and certified for appeal the question as to whether the petition is barred from review under § 2244(d).

This court reviews a district court's disposition of a habeas corpus petition de novo. *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000).

A conviction becomes final for purposes of the one-year Antiterrorism and Effective Death Penalty Act statute of limita-

tions upon "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Watley's conviction became final for purposes of commencing the running of the one-year statute of limitation under § 2244(a)(1)(A) on February 2, 1999, when the 90–day period in which Watley could have filed a petition for writ of certiorari to the United States Supreme Court expired following the Ohio Supreme Court's November 4, 1998 judgment denying Watley leave to appeal. Hence, the one-year limitation period expired in February of 2000. Watley filed his habeas corpus petition in May 2001. The petition is barred by the statute of limitations absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2).

Our review reveals that no tolling provision applies to save Watley's petition. To the extent that Watley argues that his conviction did not become final for purpose of commencing the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) until the proceedings on his delayed applications for reopening of the appeal concluded in the state court, he is mistaken. In *Bronaugh v. State of Ohio*, 235 F.3d 280, 286 (6th Cir.2000), the court ruled that there was no need to assess whether an untimely Rule 26(B) application was "properly filed" within the meaning of section 2244(d)(2) because a Rule 26(B) application was a step in Ohio's direct review process. In reaching this conclusion, the court nonetheless emphasized that the petitioner could not "benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A) ... not begin until after his Rule 26(B) application has run its course through the courts." *Id.* at 286. Rather, "the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts." *Id.* Watley filed his first delayed application to reopen the ap-

peal on May 9, 2000. Thus, the one-year statute of limitation had already expired three months earlier.

In addition, Watley has not shown that equitable tolling principles apply to permit review of his time-barred claims for habeas relief, and nothing in the record suggests that Watley's habeas petition warrants equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit for the reasons set forth in the magistrate judge's report and recommendation of October 5, 2001, as adopted by the district court in its order of March 25, 2002.