**Johnnie H. RENNER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–6083.

United States Court of Appeals, Sixth Circuit.

July 8, 2003.

Before BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Johnnie H. Renner, a pro se Kentucky prisoner, appeals a district court order dismissing his complaint as untimely filed under 42 U.S.C. § 405(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Renner filed an application for social security disability insurance benefits on January 27, 1998. He was allegedly disabled as a result of fractures in his upper limbs, status post-fracture of the right hip, arthritis in the arms and legs, and an

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

impaired back. An administrative law judge (ALJ) found that Renner was disabled, as he satisfied a listed impairment. The Appeals Council subsequently vacated the ALJ's decision, finding that the ALJ had erred in basing his decision on an impairment that occurred after Renner's insured status had expired. After a new hearing, the ALJ found that Renner was not disabled prior to the expiration of his insured status. In a letter dated May 1, 2001, the Appeals Council notified Renner's attorney that it had denied Renner's request to review the ALJ's decision. Renner filed his pro se complaint with the district court on September 4, 2001. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as untimely.

On appeal, Renner asserts that the district court should have applied the doctrine of equitable tolling to allow him to proceed with his case.

The court reviews de novo a judgment dismissing a complaint for lack of subject matter jurisdiction. *See Ang v. Procter & Gamble, Co.*, 932 F.2d 540, 544 (6th Cir. 1991). The plaintiff has the burden of establishing jurisdiction after the defendant adequately challenges subject matter jurisdiction by a motion to dismiss. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

The district court properly dismissed Renner's complaint. There is no dispute that the complaint was filed more than four months after the Appeals Council decision and thus at least two months after the expiration of the statutory sixty-day review period provided for in § 405(g). This court has consistently upheld the proper application by a district court of the limitation period contained in § 405(g). *See, e.g., Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir.1994). Only in cases where equity favors extending the sixty-day filing period should the courts extend the time allowed for commencing a civil action. *See Bowen v. City of New York*, 476 U.S. 467, 480–81, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In this case, while Renner may have a viable claim of attorney malpractice, he has not cited to any case law supporting his claim that simple attorney negligence is sufficient to extend the sixty-day filing period of § 405(g). *See Day*, 23 F.3d at 1058.

In addition, the following five factors are to be considered in determining the appropriateness in tolling a statute of limitations: 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001). Although Renner attempts to blame the failure to file a timely appeal upon his former attorney, Renner has not established that he lacked notice of the filing requirements of § 405(g). Further, there is no evidence that Renner attempted to pursue diligently his application by notifying the Commissioner of his new address. Thus, Renner is not entitled to equitable tolling.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.