**Kim Stephen ELMER, Petitioner–Appellant,**

**v.**

**Sherry BURT, Warden, Respondent–Appellee.**

**No. 02–2504.**

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL,

District Judge.*

### ORDER

Kim Stephen Elmer appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 as barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Newaygo County, Michigan, Circuit Court in 1994, Elmer was convicted of first degree criminal sexual conduct and was sentenced to fifteen to thirty years of imprisonment. The Michigan Court of Appeals affirmed the conviction and sentence, *People v. Elmer*, No. 178598, 1997 WL 33343705 (Mich. Ct.App. Oct. 3, 1997), and the Michigan Supreme Court denied leave to appeal on October 26, 1998. *People v. Elmer*, 459 Mich. 889, 587 N.W.2d 285 (1998) (table).

Elmer filed a motion for relief from judgment in the trial court on August 2, 1999, which the that court denied on November 16, 1999. Subsequently, the Michigan Court of Appeals dismissed Elmer's appeal from the trial court's judgment for failure to submit a proper brief, and the Michigan Supreme Court denied Elmer leave to appeal on August 28, 2001.

Elmer filed his federal habeas petition in the district court on August 28, 2002, asserting six grounds for relief. The magistrate judge recommended that the petition be dismissed as barred under the applicable one-year statute of limitations, and Elmer filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Elmer filed a timely notice of appeal, and the district court granted Elmer a certificate of appealability with respect to the question of whether his petition is barred. On appeal, Elmer contends that equitable tolling should be applied to toll the statute of limitations in this case because: (1) he is disabled due to his affliction with HIV and as a result of the debilitating side-effects of medication he must take; and (2) assistants at a prison legal program, upon whom he was forced to depend, failed to file his petition within the limitations period.

Upon de novo review, *see Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders*, 5 F.3d 975, 978 (6th Cir.1993), we affirm the judgment for the reasons stated by the district court in its order dated November 12, 2002, adopting the magistrate judge's report and recommendation. Here, Elmer's petition clearly is barred under the one-year statute of limitations absent tolling, and Elmer did not carry his burden of establishing that equitable tolling is warranted in this case. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002); *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.2001).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.