**Leisa Kaye WHITE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–5720.

United States Court of Appeals, Sixth Circuit.

Nov. 26, 2003.

Leisa Kaye White, pro se, Louisville, KY, for Plaintiff–Appellant.

Elyse Sharfman, Dennis R. Williams, Mary Ann Sloan, Rollin Mathis, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

## ORDER

Leisa Kaye White, a pro se Kentucky resident, appeals a district court order dismissing her appeal of the Commissioner's decision refusing to waive the overpayment of her social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White was notified by the Commissioner on July 7, 1995, that her benefits would be terminated after September 1995. White appealed the termination of her eligibility. The termination was affirmed by an administrative law judge (ALJ) on March 14, 1997. During the appeal, White continued to receive benefits. From October 1995 until May 1997, White was overpaid benefits totaling $12,123.

White then attempted to have the recovery of overpayment waived. After a hearing, an ALJ denied the waiver request on December 22, 1999. On July 26, 2001, the Appeals Council denied White's request to review the ALJ's decision. In the Appeals Council's decision, White was specifically notified that she had sixty days from the receipt of the Council's decision to file a civil action with the appropriate United States District Court. White did not file her civil complaint until January 22, 2002, long past the sixty day filing period.

The district court granted the Commissioner's motion to dismiss the complaint. A subsequent motion for reconsideration was also denied.

In her timely appeal, White argues that equitable tolling should have permitted her to proceed with her complaint; that the district court's order, without factual findings, was insufficient; and that because she was misled by the Social Security Administration, equitable tolling applied.

The court reviews de novo an order dismissing a complaint for lack of subject matter jurisdiction. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir. 1991). The plaintiff has the burden of establishing jurisdiction after the defendant adequately challenges subject matter jurisdiction by a motion to dismiss. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

The district court properly dismissed White's complaint. There is no dispute that the complaint was filed nearly six months after the Appeals Council's decision and thus nearly four months after the expiration of the statutory sixty day review period provided for in 42 U.S.C. § 405(g). This court has consistently up-

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

held the proper application by a district court of the limitation period contained in § 405(g). *See Day v. Shalala,* 23 F.3d 1052, 1058 (6th Cir.1994). Only in cases where equity favors extending the filing period should the courts extend the time allowed for commencing a civil action. *See Bowen v. City of New York,* 476 U.S. 467, 480–81, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In this case, although White claimed she was misled by the Social Security Administration and that she had been granted sufficient extensions of time, her argument is insufficient to extend the sixty day filing period of § 405(g). *See Day,* 23 F.3d at 1058.

The following five factors are to be considered in determining the appropriateness in tolling a statute of limitations: 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) an absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing the claim. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001). Although White attempts to blame her failure to file a timely appeal on the Social Security Administration, White has not established that she lacked notice of the filing requirements of § 405(g). To the contrary, the Appeals Council's notice specifically warns White of the sixty day filing requirement. Further, there is no evidence that White attempted to diligently pursue her application with the Appeals Council. Thus, White is not entitled to equitable tolling.

White also contends that the district court's order dismissing her case is insufficient. However, the district court's order states that based on the Commissioner's motion to dismiss, the motion was granted. The motion and the facts of the case are very clear. White's complaint is untimely under § 405(g). Therefore, the district court did not commit reversible error in not providing a lengthy opinion, with findings of fact, before concluding that White's complaint should be dismissed.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.