IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

**June 7, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

**FOR PUBLICATION**

**Filed:**      June 7, 1999

| | | |
|---|---|---|
| TOMMY L. KING, | ) | MAURY CRIMINAL |
| | ) | |
|     Defendant/Appellant, | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. JAMES WEATHERFORD, |
| | ) | JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
|     Plaintiff/Appellee. | ) | No.  01S01-9707-CC-00146 |

**FOR APPELLANT:**

Daniel J. Runde
Assistant Public Defender
Pulaski, Tennessee

Robert D. Massey
Co-Counsel
Pulaski, Tennessee

**FOR APPELLEE:**

John Knox Walkup
Attorney General & Reporter

John P. Cauley
Assistant Attorney General
Nashville, Tennessee

# O P I N I O N

COURT OF CRIMINAL APPEALS AFFIRMED          HOLDER, J.

**OPINION**

In this post-conviction capital case, we granted this appeal to determine whether the jury's reliance on an invalid felony murder aggravating circumstance was harmless error. Upon review, we hold that the jury's consideration of the invalid felony murder aggravating circumstance was harmless beyond a reasonable doubt due to the strength of the remaining valid aggravating circumstances and the relative weakness or absence of any mitigating circumstances. The Court of Criminal Appeals' decision affirming the trial court's dismissal of the post-conviction petition is affirmed.

**BACKGROUND**

The defendant, Tommy Lee King, and his co-defendant, Ronald Davis, entered a tavern in May of 1982. The defendant fired a shot into the air and ordered the tavern's patrons and owner to lie down on the floor. The defendant robbed the patrons, rifled through the tavern's cash register, and took the owner's car keys. Apparently, the defendant then without provocation shot the tavern owner, who was lying on the floor. The shot entered the victim's neck and followed a downward trajectory through the victim's spinal cord. The tavern owner died approximately one week later as the result of the gunshot wound.

During the robbery, the defendant informed one of the tavern's patrons that "we ought to kill you anyhow." He then stated, "Let's kill them all." The defendant's co-defendant apparently dissuaded the defendant from killing everyone inside the tavern. The patrons were then told, "Don't even raise your head up an inch. If you do . . . I will just blow your brains out." When leaving the tavern, the defendant encountered a woman who was ordered at gunpoint to lie on the ground. The defendant fled in the tavern owner's car.

The record indicates that the defendant was approximately thirty years old at the time of the robbery and fatal shooting. He had a substantial criminal record that included five previous felony convictions. His felony convictions included kidnapping and attempted robbery. The defendant had a history of violating probation, and the present offenses were committed while the defendant was on probation. The defendant never accepted responsibility for his actions and attempted to justify killing the victim by stating that the victim refused to pay him for blue jeans and other merchandise. He also alleged the shooting was accidental. Witnesses testified contrary to the defendant's assertions, and character testimony indicated that the defendant's reputation for truth and veracity was poor.

The State submitted three aggravating circumstances for the jury's consideration: (1) the defendant had a prior conviction for a violent felony; (2) the defendant knowingly created a great risk of death to two or more persons other than the victim murdered; and (3) the murder occurred during the commission of a felony.[1] The jury found the presence of all three aggravating circumstances and sentenced the defendant to death. Both the defendant's conviction and the defendant's sentence of death were affirmed by this Court on direct appeal. State v. King, 694 S.W.2d 941 (Tenn. 1985). His prior petition for post-conviction relief was also denied, and that decision was affirmed on appeal. King v. State, No. 88-221-III (Tenn. Crim. App., Mar. 31, 1989, Nashville), perm. to appeal denied (Tenn., Aug. 7, 1989).

Following this Court's decision in State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1991) (Drowota and O'Brien, JJ. dissenting), cert. dismissed, 510 U.S. 124, 114 S.Ct. 651, 126 L.Ed.2d 555 (1993), the defendant again petitioned for

---

[1] See Tenn. Code Ann. § 39-2-203(i)(2), (3), and (7)(1982)[now Tenn. Code Ann. § 39-13-204(i)(2), (3), and (7)(1997)].

3

post-conviction relief. The trial court held that the jury's use of the felony murder aggravating circumstance was error under Middlebrooks. The trial court, however, held that the jury's reliance on the invalid aggravating circumstance was harmless error under the framework provided by this Court in State v. Howell, 868 S.W.2d 238 (Tenn. 1993), cert. denied, 510 U.S. 1215, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994). The trial court dismissed the defendant's petition for relief, and a majority of the appellate court affirmed finding:

> In the present case two valid aggravating factors were clearly established. [King] had two prior felony convictions involving the use of or threat of personal violence. Also, the state presented proof that the appellant created great risk of death to two or more persons other than the victim during the course of the homicide. The proof supporting these two aggravating factors is overwhelming. Very little evidence of mitigation was offered. During the prosecutor's closing argument at sentencing, little emphasis was placed on the invalid aggravator. Furthermore, no additional evidence was introduced to support the invalid aggravating circumstance. . . . We conclude that the sentence would have been the same had the jury given no weight to the invalid felony murder aggravating factor.

We granted this appeal to determine whether the error was harmless.

## ANALYSIS

At the time of the defendant's trial, the offense of felony murder included "[e]very murder committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb. . . ." Tenn. Code Ann. § 39-2-202(a) (1982)[now Tenn. Code Ann. § 39-13-202(a)(2)(1997)]. The felony murder aggravating circumstance contained virtually identical language: "the murder was committed while the defendant was engaged in committing . . . any first degree murder, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy or unlawful throwing,

4

placing or discharging of a destructive device or bomb." Tenn. Code Ann. § 39-2-203 (i)(7)(1982)[now Tenn. Code Ann. § 39-13-204(i)(7)(1997)].

In Middlebrooks, a majority of this Court found that Tenn. Code Ann. § 39-2-203(i)(7) mirrored the elements of Tenn. Code Ann. § 39-13-204(i)(7) and failed to narrow the class of death-eligible defendants. We held that application of the felony murder aggravating circumstance to impose the death penalty for felony murder violated both the Eighth Amendment to the United States Constitution and art. I, § 16 of the Tennessee Constitution. Middlebrooks, 840 S.W.2d at 346. In State v. Howell, this Court held that a Middlebrooks error is subject to a harmless error analysis. When evaluating a Middlebrooks error under a Howell analysis, we shall "completely examine the record for the presence of factors which potentially influence the sentence ultimately imposed." Howell, 868 S.W.2d at 260-61. The factors include "the number and strength of remaining aggravating circumstances, the prosecutor's argument at sentencing, the evidence admitted to establish the invalid aggravator, and the nature, quality, and strength of mitigating evidence." Id.

A Middlebrooks error may be deemed harmless if we find "beyond a reasonable doubt that the sentence would have been the same had the jury given no weight to the invalid felony murder aggravating factor." Howell, 868 S.W.2d at 261. We have held Middlebrooks errors to be harmless and have upheld the death sentence in the following cases. State v. Boyd, 959 S.W.2d 557 (Tenn. 1998); State v. Hines, 919 S.W.2d 573 (Tenn. 1995), cert. denied, ___ U.S. ___, 117 S.Ct. 133, 136 L.Ed.2d 82 (1996); State v. Smith, 893 S.W.2d 908 (Tenn. 1994), 516 U.S. 829, 116 S.Ct. 99, 133 L.Ed.2d 53 (1995); Barber v. State, 889 S.W.2d 185 (Tenn. 1994), cert. denied, 513 U.S. 1184, 115 S.Ct. 1177, 130 L.Ed.2d 1129 (1995); State v. Nichols, 877 S.W.2d 722 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); State v.

5

Cazes, 875 S.W.2d 253 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995); Howell, 868 S.W.2d at 262. We have held that the error required resentencing in the following cases: State v. Walker, 910 S.W.2d 381 (Tenn. 1995), cert. denied, ___ U.S. ___, 117 S.Ct. 88, 136 L.Ed.2d 45 (1996), and Hartman v. State, 896 S.W.2d 94 (Tenn. 1995).

## STANDARD OF REVIEW

Middlebrooks has been applied retroactively and may be properly raised in a post-conviction case. See Barber v. State, 889 S.W.2d at 187. Middlebrooks errors are premised upon the Tennessee Constitution. Decisions addressing the harmful effect of a constitutional error that is a mixed question of fact and law are generally not afforded a presumption of correctness. See, e.g., Yates v. Evatt, 500 U.S. 391, 405, 111 S.Ct. 1884, 1894, 114 L.Ed.2d 432 (1991). Accordingly, our review is de novo upon the record when assessing the effect of a Middlebrooks error. See Harries v. State, 958 S.W.2d 799, 802-803 (Tenn. Crim. App. 1997), perm. to appeal denied (Tenn. 1997).

## REMAINING AGGRAVATING CIRCUMSTANCES

### Prior Violent Felony Convictions

King admits that he has been previously convicted of two violent felonies, kidnapping and attempted robbery. He, however, argues that the substance and persuasiveness of these convictions are weak because his conduct in committing the offenses was not egregious. The defendant's argument is premised on his assertions that: (1) the kidnapping conviction merely resulted from a minor domestic dispute; and (2) his attempted robbery conviction resulted from a criminal episode in which his involvement was minimal. The

defendant further argues that the relatively light sentences he received on both the kidnapping and the attempted robbery convictions show weakness of this aggravating circumstance.[2]  Finally, the defendant states that his argument is supported by this Court's prior description of the proof supporting this aggravating circumstance as "marginal."  See State v. King, 694 S.W.2d 941, 944 (Tenn. 1985) (stating "[e]ven if the proof as to this aggravating circumstance were marginal . . . .").

We disagree with the defendant's analysis.  The mere fact that the victim of a kidnapping is either a spouse or a former spouse does not decrease the magnitude or substance and persuasiveness of that crime.  Domestic violence is a serious problem plaguing our society that should not be minimized.  Moreover, the mere fact that King's attempted robbery conviction stemmed from an incident involving three other individuals does not minimize the seriousness of the conviction.  While the sentences imposed for these convictions were not extremely severe, we note that at least one of the sentences resulted from a negotiated plea agreement.

At the time of King's sentencing hearing, aggravating circumstance (i)(2) applied if the proof introduced by the State demonstrated beyond a reasonable doubt that "[t]he defendant was previously convicted of one (1) or more felonies, other than the present charge, which involved the use or threat of violence to the person."  Tenn. Code Ann. § 39-2-203 (i)(2) (1982 Repl.).  The jury heard evidence from both the State and the defendant regarding the circumstances of these prior convictions.  The jury found the proof sufficient to support this aggravating circumstance beyond a reasonable doubt, and this Court affirmed that finding in King's direct appeal.

---

[2]The defendant was sentenced to two years in the state penitentiary and ten years probation on the kidnapping conviction.  He received nine months probation on the attempted robbery conviction.

Upon review, we have not reweighed the proof. We have, consistent with Howell, considered the evidence that was before the jury at the time it imposed the sentence of death. We have considered the proof supporting this aggravating circumstance. We have also considered the defendant's statements directed at depreciating the seriousness of his prior kidnapping and prior attempted robbery convictions. The defendant's statements are best categorized as mitigating proof that the jury could have used to weigh against its findings of the valid aggravating circumstances. The conduct underlying the defendant's prior convictions may be less egregious than the conduct underlying the prior convictions of other defendants who have appeared before this Court.[3] We emphasize, however, that Howell does not require us to conduct a comparative review in determining the substance and persuasiveness of the remaining valid aggravating circumstances. Instead, we must consider the record in this case -- the evidence actually presented to the jury – in light of the factors enumerated in Howell. We must then determine whether the sentence would have been the same had the jury given no weight to the invalid aggravating circumstance. We have followed the analysis delineated in Howell and conclude that, in this case, the prior violent felony conviction aggravating circumstance is both objectively reliable and amply supported by the proof.

**Risk of Death to Others**

The jury found that the defendant's conduct in murdering the victim "created a great risk of death to two (2) or more persons, other than the victim murdered, during the act of murder." Tenn. Code Ann. § 39-2-203(i)(3) (1982). The defendant entered a tavern and fired a shot into the air. He ordered the patrons at gunpoint to lie down on the floor. He shot and killed the tavern owner,

---

[3]Indeed, the dissent cites examples of cases in which the number of prior convictions supporting the aggravating circumstance was greater and the conduct resulting in the conviction was more egregious. See State v. Smith, 893 S.W.2d 908, 926 (Tenn. 1994); State v. Cazes, 875 S.W.2d 253, 270 (Tenn. 1994).

who was lying on the floor. Upon leaving, the defendant encountered another woman outside the tavern. He ordered her at gunpoint to lie down on the ground. It was fortunate that others were neither killed nor wounded during this robbery as at least two shots were fired within the confines of a crowded tavern.

Again, we are unpersuaded by the defendant's argument that the evidence supporting this aggravator is lacking in substance or persuasiveness and should somehow be given less weight. Those persons ordered to lie on the tavern floor heard the defendant threaten: "We ought to just kill you anyhow" and "Let's kill them all" and were told, "[D]on't even raise your head up an inch. If you do . . . I will just blow your brains out." At least two shots were discharged by the defendant in a crowded tavern. While no additional victims were shot, the threat to their lives was very real. We again conclude that this second remaining valid aggravating circumstance is clearly supported by objectively reliable proof.

## ARGUMENT AND EVIDENCE

The defendant lists several instances in which the State mentioned the robbery during argument at the sentencing phase of the trial. According to the defendant, this shows that undue emphasis was placed on the invalid felony murder aggravating circumstance. We disagree with the defendant's assessment.

We have carefully reviewed the State's argument. The State did not introduce any additional evidence in support of the invalid felony murder aggravating circumstance during the sentencing hearing. Taken as a whole, the State's argument did not emphasize the felony murder aggravating circumstance. The State's argument simply reminded the jury of the facts of the case, the circumstances of the offense, the defendant's version of the events,

9

and the evidence impeaching the veracity of the defendant's version. We hold that the State did not place undue emphasis on the felony murder aggravating circumstance.

## MITIGATING EVIDENCE

We find little or no mitigating proof upon careful examination of the record. The defendant is an extremely poor candidate for rehabilitation. He has been convicted of five prior felonies. He has a history of violating probation, and his present crimes were committed while he was on probation. He showed little or no remorse and refused to accept responsibility for his actions. Moreover, he attempted to blame the victim for his actions. See King, 694 S.W.2d at 944 ("Very little was offered by way of mitigating circumstances other than the [defendant's] insistence that he was morally justified in his actions because [the victim] had refused to pay him for merchandise and his insistence that the shooting was accidental.").

The record does indicate that the defendant was thirty-two years old at the time of his trial, had previously been married, and had a three-year-old child. The defendant had previously worked as an insurance salesman, a cook, and a bricklayer. These, circumstances, however, offer little in mitigation.

## CONCLUSION

We find two remaining valid aggravating circumstances and either no mitigating circumstances or mitigating circumstances of nominal weight. We find that the prosecutor's argument did not emphasize the invalid aggravating circumstance and no additional evidence was introduced to support the invalid circumstance. Accordingly, we affirm the Court of Criminal Appeals judgment

10

and hold that beyond a reasonable doubt the jury would have imposed a sentence of death absent consideration of the invalid felony murder aggravating circumstance. It appearing that the defendant is indigent, the costs of this appeal are taxed to the State, for which execution may issue if necessary.

                                            _____

                                            JANICE M. HOLDER, JUSTICE

**Concurring:**

Drowota and Barker, J.J.

**Concurring and Dissenting:**

Anderson, C.J. - See separate Concurring/Dissenting Opinion
Birch, J.