*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0257P (6th Cir.)
File Name: 04a0257p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

Tommy King,
  *Petitioner-Appellant,*

  *v.*

  No. 02-5602

Ricky Bell, Warden,
  *Respondent-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 00-00017—Robert L. Echols, Chief District Judge.

Submitted: June 11, 2004

Decided and Filed: August 3, 2004

Before: BOGGS, Chief Judge; and MERRITT and SILER,
Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Kelley J. Henry, Paul R. Bottei, FEDERAL
PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for
Appellant. Alice B. Lustre, Michael E. Moore, OFFICE OF
THE ATTORNEY GENERAL, Nashville, Tennessee, for
Appellee.

_____

### OPINION

_____

BOGGS, Chief Judge. This case already has a three-year
history, although the would-be petitioner, Tommy King, has
yet successfully to file his petition for habeas relief. Upon
examination, this panel unanimously agrees that oral
argument is not needed. Fed. R. App. P. 34(a). Because our
decision in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir.
2003) (en banc), *cert. denied sub nom. Caruso v. Abela*, 124
S. Ct. 2388 (2004), and the doctrine of equitable tolling
preclude the government from asserting a valid statute of
limitations defense in this case, we reverse the grant of
summary judgment against King and remand for
consideration of the merits of his petition.

### I

Tommy King was convicted of murder and sentenced to
death. The Tennessee Supreme Court denied him relief both
on direct appeal, *State v. King*, 694 S.W.2d 941 (Tenn. 1985),
and after post-conviction proceedings. *King v. State,* 992
S.W.2d 946 (Tenn. 1999). King then petitioned the Supreme
Court for certiorari, which was denied on November 15,
1999. *King v. Tennessee*, 528 U.S. 1007 (1999).

In February 2000, King filed a notification of intent to file
a habeas petition in the Middle District of Tennessee and
requested appointed counsel, which was provided. On March
30, 2000, the parties agreed at a status conference that King's
attorneys would have six months to prepare their petition but
that no amendments to the petition would be permitted.
Senior Judge Higgins issued an order to that effect, setting a
deadline of September 29, 2000 for the petition to be filed.
On August 23, 2000, King's attorneys filed a motion to have
the *voir dire* from King's trial transcribed, which the court
granted. When the transcription was delayed, the State agreed

on September 28, 2000 (within the original six-month time-frame) that King would have 15 days after receiving the transcripts to file his habeas petition. In January 2001, Judge Higgins transferred the case to Judge Echols.

The transcripts were finally ready in June 2001, and King filed his petition within the allotted 15 days. The government responded with a motion to dismiss, citing 28 U.S.C. § 2244(d)(1), which states that a petitioner must file for habeas relief within one year of a final state judgment. The Tennessee Supreme Court had denied King post-conviction relief on June 7, 1999, and thus the State argued that King had missed his filing deadline by over a year. The district court *sua sponte* changed the motion to dismiss to a motion for summary judgment and granted it on the statute of limitations grounds, following the calculation rules in effect at the time. King appealed to this court and we ordered briefing on the statute of limitations issue only.

## II

King's one-year window to file a habeas petition opened when the Tennessee Supreme Court denied him post-conviction relief on June 7, 1999. 28 U.S.C. § 2244(d)(1). The statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). We have not decided whether a notice of intent to file a petition for habeas relief, which King did eight months after the Tennessee decision, is sufficient to satisfy statute of limitations requirements. *See Williams v. Coyle,* 167 F.3d 1036, 1040 n.4 (6th Cir. 1999) (expressing no opinion on whether filing of an intent to petition for habeas relief and a motion for the appointment of counsel can satisfy the timeliness requirements under AEDPA); *but see id.* at 1041 (Kennedy, J. dissenting) (arguing that such notification

should be sufficient). We do not need to resolve this question now.

It is debatable whether the government waived its statute of limitations defense when it agreed to the filing schedule, established in March 2000, that provided for the petition to be filed in September 2000, more than a year after the final state action. However, our holding in *Abela* places the original filing period well within the limitations period. The issue of whether agreement to a particular briefing schedule constitutes an implicit waiver of a statute of limitations defense is therefore moot, and we express no opinion on the subject. *See Benes v. United States*, 276 F.2d 99, 109 (6th Cir. 1960).

After the Tennessee Supreme Court denied him post-conviction relief, King petitioned for certiorari to the United States Supreme Court. When the district court considered the timeliness of King's petition, the limitations period was not tolled during the 90-day period that a defendant could petition for certiorari to the Supreme Court. *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000). However, *Abela* overruled *Isham*, and under our subsequent holding, King's limitations period was tolled from June 7 to November 15, 1999, when the Court denied certiorari. *Abela*, 348 F.3d at 172-73. King was required to file his habeas petition by November 15, 2000, a year after the United States Supreme Court action. Appellee Br. at 17 (stating correctly that "[u]nder *Abela*, the time period . . . expired on November 15, 2000). The government accurately states that even using the November 15, 2000 date, King missed the deadline. *Ibid.* However, we decline to hold him responsible for a delay caused by the government and acknowledged by the court when it issued a modified filing schedule with the consent of the parties.

## III

If King had filed his petition in September 2000, as originally agreed, it would have been timely. Only the

government's failure to produce the *voir dire* transcripts prevented him from complying with the court's original scheduling order. When the delay began to affect King's ability to comply with the September 29, 2000 deadline, the court ordered, with the government's concurrence, that King's petition be due 15 days after the transcripts were provided. King complied with that order. Therefore, we apply the doctrine of equitable tolling to hold that King's petition was timely filed.

Equitable tolling is permissible under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), although rare. *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001) ("the circumstances under which this Court has found equitable tolling appropriate are in fact few in number"). We review *de novo* a district court's decision not to apply equitable tolling, *Id.* at 1007, and generally consider the following factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). The *Andrews* factors are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis. *Miller v. Collins,* 305 F.3d 491, 495 (6th Cir. 2002).

When the petitioner does not claim ignorance of the filing requirement, this court's inquiry is focused on examining his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Although the petitioner generally bears the burden to provide all the evidence to show that equitable tolling is warranted, that rule does not apply in the habeas context, which is "governed by rules that explicitly recognize the State's superior access to the record and explicitly require that the State provide certain elements of the evidence that are relevant to an equitable tolling

inquiry." *Griffin v. Rogers*, 308 F.3d 647, 654 -55 (6th Cir. 2002).

In this case, King was diligent about pursuing his rights: within nine months of denial of post-conviction relief, he had filed a petition for certiorari, an intent to file a habeas petition, received counsel, and had established a filing schedule. Furthermore, he did not file according to the original schedule *only* because the government did not comply timely with a court order to produce *voir dire* transcripts. When King filed within the court-allotted 15 days after receiving the transcripts, he had no reason to anticipate any procedural difficulties: he had complied with the court-approved schedule, as modified in September 2000, and with the court's original order to include all his arguments in one petition. Therefore, we cannot expect that he would have known that the effect of the delay, over which he had no control, would be the loss of his ability to file a petition at all. The facts of this case constitute one of the rare occasions in which equitable tolling under AEDPA is appropriate.

The court chose to accommodate the government's delay in providing King with the *voir dire* transcripts by issuing a modified scheduling order and in doing so equitably tolled the statute of limitations, given the circumstances of this case. *See In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003) (ordering time to file extended until the adverse party produced missing documents); *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994) (holding that because "the VA failed in a legal duty to Glarner," by not providing him with the proper form, his claim under the Federal Torts Claim Act was equitably tolled). Otherwise, the government could prevent any defendant from filing a timely claim simply by failing to produce relevant evidence in a reasonable period, agreeing to a court-approved extended filing schedule, and then sandbagging him with a statute of limitations defense.

**IV**

We **REVERSE** the grant of summary judgment to the government and **REMAND** for consideration of King's petition on the merits.