**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0179n.06
Filed: March 6, 2007

**No. 06-5121**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AUTHOR RAY TURNER, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DAVID MILLS; STEPHEN DOTSON, Warden, | ) | **O P I N I O N** |
| | ) | |
| *Respondents-Appellees.* | ) | |

**BEFORE:** **COLE, SUTTON, and COOK, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.** Petitioner-Appellant Author Ray Turner appeals the

district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. The district

court concluded that (i) Turner filed his petition after expiration of the one-year statute of limitations

in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C.

§ 2244(d); and (ii) Turner was not entitled to equitable tolling of the statute of limitations. We

**AFFIRM** the district court's judgment.

**I. BACKGROUND**

**A.    State-Court Proceedings**

In November 1995, Turner pleaded guilty in Tennessee state court to aggravated robbery,

aggravated kidnapping, and two counts of aggravated rape. The court imposed a total effective

sentence (after accounting for consecutive and concurrent sentences) of forty years. As part of his plea agreement, Turner waived direct appeal of his conviction.

On April 4, 1996, Turner filed a motion for post-conviction relief, arguing that his trial attorney advised him to agree to an improper sentence as part of his plea agreement. On July 2, 1997, the court denied relief. On September 23, 1998, the state court of appeals affirmed. On March 22, 1999, the Tennessee Supreme Court denied Turner permission to appeal.

On January 7, 2002, Turner filed a second motion for post-conviction relief in state court, which the court denied on January 14, 2002, noting that his first petition was fully resolved on the merits and that this second petition was therefore improper. On April 15, 2003, the state court of appeals affirmed. On September 2, 2003, the Tennessee Supreme Court denied Turner permission to appeal.

**B.  Federal-Court Proceedings**

On September 9, 2003, Turner filed, pro se, a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the district court. On December 14, 2004, the district court appointed counsel for Turner. On June 23, 2005, counsel filed an amended petition for habeas relief. On September 7, 2005, the district court granted Turner's motion to supplement the amended petition with prison medical records. On November 14, 2005, the district court granted the State's motion to dismiss the petition on statute-of-limitations grounds. *Turner v. Dotson*, No. 3:04-cv-0167 (M.D. Tenn. Nov. 14, 2005) (unpublished order). The court rejected Turner's argument that, because "he has depression and bouts of blindness," the limitations period should be tolled on equitable grounds. *Id.* at 3.

On November 28, 2005, the district court granted Turner's request for a Certificate of Appealability "on the issue of equitable tolling based upon [Turner's] cited medical conditions that were the only grounds cited for his equitable tolling contention." On December 1, 2005, Turner appealed to this Court.

## II. DISCUSSION

### A. Standard of Review

AEDPA governs this case because Turner first filed his habeas petition in 2003, well after AEDPA's effective date of April 24, 1996. *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). This Court reviews de novo a district court's decision to deny a writ of habeas corpus. *Id.* (citing *Gonzales v. Elo*, 233 F.3d 348, 352 (6th Cir. 2000)).

The parties cite, without explanation, conflicting standards of review with regard to equitable tolling. Turner contends that "a district court's rejection of equitable tolling is reviewed de novo." (Turner's Br. 9 (citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)).) The State contends, however, that this Court "reviews a grant or denial of equitable tolling for abuse of discretion." (State's Br. 7 (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).) In this case, Turner is correct.

When a district court refuses to apply equitable tolling, this Court's standard of review depends on the circumstances: Where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, the standard of review is de novo; otherwise, the standard is abuse of discretion. *Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001) (noting that this Court has applied varying standards of review to equitable-tolling decisions and that it had yet

to address the standard in the habeas context). Here, because the facts are undisputed, we review de novo the district court's decision.

**B.      Equitable Tolling**

AEDPA imposes a one-year statute of limitations for habeas petitions that challenge state-court judgments. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances; the relevant circumstance here is "the date on which the [state-court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Turner concedes that he filed his habeas petition after the one-year statute of limitations expired. He contends, however, that he is entitled to equitable tolling. Because the applicable deadlines and history of Turner's filings are relevant to the equitable-tolling discussion, we first discuss these elements of his appeal and then assess his equitable-tolling argument.

1.      Turner Concedes He Filed His Habeas Petition Three Years Late.

Turner's state-court conviction became final when he pleaded guilty on November 16, 1995, because he agreed to forfeit his direct-appeal rights. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioners, such as Turner, whose state convictions were concluded by direct review before AEDPA's effective date (April 24, 1996), are afforded a one-year grace period, until April 24, 1997, in which to file a habeas petition. *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005). Turner's April 4, 1996 post-conviction petition, however, tolled this one-year limitations period—essentially stopping the

AEDPA clock from starting. *See* 28 U.S.C. § 2244(d)(2). The Tennessee Supreme Court ultimately denied Turner post-conviction relief on March 27, 1999, and his post-conviction proceedings became final ninety days later, on June 22, 1999, after the period in which he could have sought a writ of certiorari from the United States Supreme Court. *See Allen*, 366 F.3d at 400 (citing *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc)). At this point—June 22, 1999—the clock started ticking for the one-year limitations period, making his federal habeas petition due June 22, 2000.

Turner did not file his habeas petition, nor did he make any other filings—in federal or state court—before this June 22, 2000 deadline. His next filing was not until January 7, 2002, when he filed a second petition for post-conviction relief in state court. After the court denied that second petition as improper, the Tennessee Supreme Court denied relief on that petition on September 2, 2003. It was not until this point that, on September 9, 2003, Turner first filed his habeas petition, more than three years after the expiration of the statute of limitations. Turner concedes this point. He contends, however, that he is entitled to equitable tolling.

2.      Equitable Tolling Does Not Apply Here.

Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Allen*, 366 F.3d at 401 (citing *Dunlap*, 250 F.3d at 1007). The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling. *Id.* (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

We consider the following factors in deciding whether equitable tolling should apply:

> (1)      the petitioner's lack of notice of the filing requirement;

(2)     the petitioner's lack of constructive knowledge of the filing
          requirement;

(3)     diligence in pursuing one's rights;

(4)     absence of prejudice to the respondent; and

(5)     the petitioner's reasonableness in remaining ignorant of the
          legal requirement for filing his claim.

*Id.* (citing *Dunlap*, 250 F.3d at 1007). "This list of factors is not necessarily comprehensive, and not

all factors are relevant in all cases." *Id.* (quoting *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir.

2003)). The first two factors (lack of notice and lack of constructive knowledge) involve similar

considerations, so we address them together. *Cf. id.* at 402 (discussing these factors together). This

Court also has emphasized that the fourth factor (absence of prejudice to the respondent) "is to be

considered only after a factor that might justify tolling is identified." *Id.* at 401-02 (quoting *Vroman*,

346 F.3d at 605). For this reason, we consider that factor last.

a.      *Lack of Actual or Constructive Knowledge of Filing Requirement*

The State contends that Turner has abandoned his claim of inadequate notice of AEDPA's

requirements "because he makes no factual or legal argument . . . in support of that position."

(State's Br. 10.) Nonetheless, we believe Turner's statement that he "was convicted prior to the

passage of AEDPA and struggled on his own behalf without the assistance of counsel or a prison

legal aide," (Turner's Br. 10), fairly makes the point that he lacked actual or constructive knowledge

of AEDPA's requirements. Under this Court's precedent, however, Turner's contention falls short.

The law was somewhat unsettled as to how AEDPA's statute of limitations would apply to

petitioners, such as Turner, whose convictions became final before AEDPA's effective date, *see*

*Allen*, 366 F.3d at 402, until this Court held in 1999 that these petitioners had until April 24, 1997 (one year after AEDPA's effective date) to file their habeas petitions. *Id.* (citing *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), *overruled on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (en banc)). But it has always been clear by AEDPA's terms that a proper state post-conviction petition will toll the one-year limitations period for the duration of the post-conviction proceedings. *Id.* (citing 28 U.S.C. § 2444(d)(2)). Thus, Turner's initial state post-conviction petition, filed April 4, 1996—before AEDPA's effective date—tolled the statute of limitations until the post-conviction proceedings became final on June 22, 1999. By that time, it was clear that the deadline for filing his habeas petition was one year later, June 22, 2000. *See Allen*, 366 F.3d at 402 ("The AEDPA statute plainly states that the one-year statute of limitations runs from the 'conclusion of direct review' and that the statutory period is tolled during the time when a motion for state post conviction review is pending." (citing 28 U.S.C. § 2444(d)(1)-(2))).

But Turner filed his petition over three years later, on September 9, 2003. "Because of this [C]ourt's decision in *Austin*," which explained how AEDPA applied to petitioners whose convictions became final before AEDPA's effective date, "and AEDPA's clear provisions regarding the statute of limitations, [Turner] cannot claim a lack of constructive knowledge regarding the filing deadline." *Id.* at 403; *cf. Griffin*, 399 F.3d at 637 (noting that petitioner's "ignorance of the filing deadline given the unstable and unsettled nature of AEDPA *at the crucial time of the mistake* was reasonable and supports her argument for tolling") (emphasis added). Even if Turner lacked actual knowledge of AEDPA's relevant provisions, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Id.* (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). In sum, the purported lack

of actual or constructive notice here does not favor equitable tolling.

b.       *Turner's Lack of Diligence in Pursuing His Rights*

Turner contends that by filing multiple state post-conviction petitions, he "diligently pursued relief in state court." (Turner's Br. 13, 14.)  And he ultimately filed for habeas relief on September 9, 2003, only a week after his second round of state post-conviction proceedings became final.  The facts show, however, that he was not sufficiently diligent in pursuing his rights.

As an initial matter, Turner's second post-conviction petition was improper because the state courts reached the merits of his first petition. *Turner v. Tennessee*, No. M2002-00541-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 349, at *2 (Apr. 15, 2003).  But, even assuming that this second petition were proper (or that Turner confused it with what he believed to be a habeas petition), Turner did not file it until January 7, 2002—more than a year and a half after the June 22, 2000 deadline for filing his habeas petition.  This was unreasonably late. *Cf. Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (noting that petitioner could have a "very strong" argument for equitable tolling if he reasonably viewed the state-court order as granting him extra time to file a state post-conviction petition, which could explain why he did not file a timely habeas petition).

Turner attributes this delay to his lack of access to documents related to his case; his learning disability; and his bouts of depression and migraine headaches, which have caused blindness lasting five to ten minutes.  But these factors cannot excuse his lack of diligence.  First, although a letter from Turner's post-conviction attorney indicates that Turner did not receive certain documents, including the transcript of his plea petition, until February 2, 2005, Turner provides no indication regarding when he first sought these documents—certainly no indication he did so nearly five years

earlier, as the deadline for his habeas petition approached. Second, Turner does not explain how his mental and physical limitations, which no doubt made pursuing his rights *more difficult*, prevented him from diligently pursuing those rights altogether. Thus, this factor weighs against equitable tolling.

      c.     *Turner's Reasonableness in Remaining Ignorant of The Legal Requirement for Filing His Claim*

Turner contends that the factors discussed above—his pro se status until this appeal, the lack of assistance from a prison legal aide, that his conviction became final before AEDPA was enacted, his lack of access to his plea transcript and related documents, his learning disability, his depression and related use of anti-depressant medication, and his brief periods of blindness from migraine headaches—together constitute grounds for his reasonableness in remaining unaware of the filing deadline for his habeas petition. For the reasons discussed above with regard to each of these factors, however, none excuse Turner from filing his habeas petition more than three years late. They simply do not rise to the level of reasonable ignorance this Court has recognized, such as when (i) a petitioner relies on a court order indicating he or she still has time to file, *see, e.g., Keenan*, 400 F.3d at 421; *King*, 378 F.3d at 553; or (ii) the law is unsettled, *see, e.g., Griffin*, 399 F.3d at 636; *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)). Thus, Turner fails to show that his ignorance of the filing deadline was reasonable, especially where he apparently remained unaware of that deadline for three years after it passed.

      d.     *Lack of Prejudice to The State*

As noted above, this Court considers the prejudice factor only after identifying a factor that

might justify tolling. *Vroman*, 346 F.3d at 605. Because none of the other factors justify tolling here, we do not consider the prejudice factor, though we note that "it is difficult to claim that forcing the warden to make an argument on the merits of [petitioner's] petition will be prejudicial to the state's cause." *Griffin*, 399 F.3d at 637-38.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.